**In re Edward W. TOTI, Debtor.**

**Edward W. TOTI, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 93–1206.**

United States Court of Appeals,
Sixth Circuit.

Argued April 21, 1994.

Decided May 13, 1994.

Paul H. Steinberg (argued), Southfield, MI (Goldstein, Bershad, Steinberg & Fried, on the brief), for appellant.

Billie L. Crowe (argued), Atty., Tax Div., Dept. of Justice, Washington, DC (Michael L. Paup, Acting Asst. Atty. Gen., Gary R. Allen and Gary D. Gray, Attys.; Alan Gershel, U.S. Atty., Eastern Dist. Mich., on the brief), for appellee.

Before: MILBURN and GUY, Circuit Judges; and TIMBERS, Senior Circuit Judge*.

TIMBERS, Senior Circuit Judge.

Appellant Toti, a tax debtor, appeals from a January 7, 1993 order entered in the Eastern District of Michigan, Avern Cohn, District Judge. The court reversed an order of the bankruptcy court, Walter Shapero, Bankruptcy Judge, that had allowed Toti to discharge his tax liability by filing for personal bankruptcy.

On appeal, Toti contends that the court incorrectly applied a legal standard that does not require the debtor to act affirmatively to constitute tax evasion, thus denying him a discharge in bankruptcy for his income tax liabilities. Toti also contends that the court erred in concluding that he willfully attempted to evade or defeat his income taxes and therefore was not entitled to a discharge pursuant to 11 U.S.C. § 523(a)(1)(C) (1988).

We affirm.

## I.

We summarize only those facts and prior proceedings believed necessary to an understanding of the issues raised on appeal.

From 1974 through 1981, Toti did not file federal income tax returns or pay federal income taxes, despite the fact he knew he was liable for the taxes and he had the wherewithal to pay his taxes during some of those years at least. He claims he did not file his returns or pay his taxes in 1974 and 1975 because he did not have sufficient funds at the end of each of those years. For the following six years, he claims he did not file a return because of the penalties and interest accruing due to his failure to file in 1974–75.

In 1981, Toti was indicted on three counts of failing to file federal income tax returns for the years 1974, 1975, and 1976. On June 4, 1981, Toti pleaded guilty. He was convicted and sentenced pursuant to I.R.C. § 7203 for willfully failing to file his 1976 return. The government had agreed to dismiss two counts relating to the tax years 1974 and 1975. In 1982, as part of his sentence, Toti paid in full his 1976 liability and filed all of his delinquent returns. He then filed timely returns for 1982 and 1983, but he did not make estimated quarterly payments or voluntary payments for those years. In April 1985, he negotiated a plan with the Internal Revenue Service (IRS) for payment of his liabilities for 1977 through 1983. Although he initially followed this schedule, he subsequently stopped making payments due to financial inability to pay.

---

* Honorable William H. Timbers, Senior United States Circuit Judge for the Second Circuit, sitting by designation.

On February 27, 1990, Toti filed a petition for relief pursuant to Chapter 7 of the Bankruptcy Code. He subsequently commenced the instant action seeking, among other things, the determination of the dischargeability of his tax liabilities. The government claimed that he willfully attempted to evade or defeat such taxes, thus making them non-dischargeable under § 523(a)(1)(C). The parties filed cross-motions for summary judgment on the dischargeability issue.

On May 22, 1992, the bankruptcy court held that the taxes were dischargeable. In so holding, the court applied a criminal standard to the § 523(a)(1)(C) phrase "willfully attempted in any manner to evade or defeat such tax". This requires the government to present evidence that the debtor engaged in the willful commission of an act to evade or defeat his tax liability. This is the same standard as in the statute making tax evasion a felony. I.R.C. § 7201. The bankruptcy court held that failing to file a return and make a payment is merely an omission and, since the Bankruptcy Code requires the commission of an act, Toti's omission did not fall within the willfulness standard.

The government appealed to the district court. In a memorandum and order entered on January 7, 1993, the court concluded that the bankruptcy court had applied the wrong legal standard. The court applied the standard used in other civil cases—"voluntary, conscious, and intentional"—to hold that Toti's failure to file returns and to pay taxes were willful acts. The court held that Toti willfully attempted to evade or defeat his tax liability within the meaning of § 523(a)(1)(C). The court reversed and remanded the case to the bankruptcy court for entry of an order consistent with the order of the district court. This appeal followed.

## II.

A debtor under Chapter 7 of the Bankruptcy Code generally is granted a discharge from all debts that arose before the filing of the bankruptcy petition. 11 U.S.C. § 727(b) (1988). Section 523, however, provides exceptions to discharge of various debts. At issue here is § 523(a)(1)(C), which provides, in relevant part:

"(a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—

(1) for a tax or a customs duty—

(C) with respect to which the debtor made a fraudulent return or willfully attempted in any manner to evade or defeat such tax".

It was pursuant to this exception that the court held Toti's tax liability was not dischargeable in bankruptcy.

Toti contends that the court applied the wrong standard in holding that his failure to file or pay income taxes was a "willful[ ] attempt[ ] ... to evade or defeat such tax" within the meaning of § 523(a)(1)(C). He asserts that the bankruptcy court applied the correct standard by requiring that a debtor commit an affirmative act of evasion before denying a discharge of tax liability through bankruptcy. We review *de novo* the court's interpretation of the Bankruptcy Code. *In re Batie*, 995 F.2d 85, 88 (6th Cir.1993).

In support of this contention, Toti points to the language of § 523(a)(1)(C) and analogizes that section of the Bankruptcy Code to language in the Internal Revenue Code. Section 523(a)(1)(C) closely parallels I.R.C. § 7201 which makes it a felony for a person willfully to attempt to evade or defeat any tax. I.R.C. § 7203, on the other hand, makes it a misdemeanor for any person willfully to fail to pay an estimated tax or the tax itself or fail to file a return. Toti asserts that the I.R.C.'s delineation between commission and omission also should apply to the Bankruptcy Code. Since § 523(a)(1)(C) mirrors § 7201, Toti urges us to hold that a tax liability may be prohibited from a bankruptcy discharge only when the debtor has committed some affirmative act to evade paying taxes. According to Toti, merely failing to file or pay taxes would not rise to the requisite level of criminality for non-dischargeability. Since Toti was convicted pursuant to the misdemeanor statute rather than pursuant to the felony statute, he asserts that this should preclude the court from prohibiting the discharge of his tax liability pursuant to the § 523(a)(1)(C) exception.

The Supreme Court has held that courts should interpret the Bankruptcy Code according to the plain meaning of an individual provision as long as the provision's language is unambiguous. *United States v. Ron Pair Enters.*, 489 U.S. 235, 240 (1989). Where statutory language is not expressly defined, that language should be given its common meaning. *Burlington N. R.R. Co. v. Oklahoma Tax Comm'n*, 481 U.S. 454, 461 (1987). The district court here held that the definition of "willfully attempted to evade" was consistent with the definition found in other civil tax cases, which equates "willful" with voluntary, conscious, and intentional evasions of tax liabilities. *Collins v. United States*, 848 F.2d 740, 742 (6 Cir.1988); *Domanus v. United States*, 961 F.2d 1323, 1326 (7 Cir.1992). We believe that a plain reading of § 523(a)(1)(C) includes both acts of commission and acts of omission.

As the district court stated, "the purpose of the Bankruptcy Code is to allow the honest debtor a fresh start". *United States v. Toti*, 149 B.R. 829, 834 (E.D.Mich.1993). Toti does not fall within the category of honest debtors. He had the wherewithal to file his return and pay his taxes, but he did not fulfill his obligation. It is undisputed that he did so voluntarily, consciously, and intentionally.

We agree with the district court's holding that Toti willfully attempted to evade or defeat his tax liability within the meaning of § 523(a)(1)(C) and that his debt was not discharged by his bankruptcy.

### III.

To summarize:

The district court correctly held that failure to file a tax return and failure to pay a tax fall within the definition in § 523(a)(1)(C) of a willful attempt to evade or defeat a tax liability. The court also correctly held that Toti willfully attempted to evade or defeat his tax liability.

Affirmed.