**In re Edward D. FRIEDMAN, Debtor.**

**Edward D. FRIEDMAN, Plaintiff,**

**v.**

**INTERNAL REVENUE SERVICE and Commonwealth of Massachusetts Department of Revenue, Defendants.**

Bankruptcy No. 95–40269.
Adversary No. 95–4098.

United States Bankruptcy Court,
D. Massachusetts.

Aug. 29, 1996.

Thomas J. Nicholas, Boston, MA, for MDOR.

Joseph J. Lange, Peter M. Stern, Springfield, MA, for debtor.

Joseph B. Collins, Chapter 7 Trustee, Springfield, MA.

*MEMORANDUM OF DECISION*

HENRY J. BOROFF, Bankruptcy Judge.

Before the Court is a "Motion of Defendant, Department of Revenue of the Commonwealth of Massachusetts, for Summary Judgment" (the "Motion"). Plaintiff Edward D. Friedman (the "Debtor") filed an opposition to the Motion, together with an affidavit. The issue for determination is whether this Court should find certain state income taxes owed by the Debtor to the Commonwealth of Massachusetts nondischargeable under 11 U.S.C. § 523(a)(1)(C) [1], based on the Debt-

---

1. Section 523(a)(1)(C) provides that:
   (a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does

not discharge an individual debtor from any debt—
(1) for a tax or a customs duty—

or's guilty plea in the Massachusetts state court to charges of willful failure to timely file his tax returns for the years in question. Stated otherwise, the issue is whether the willful failure to timely file tax returns is the equivalent of an attempt to "evade or defeat a tax." *See* 11 U.S.C. § 523(a)(1)(C).

## I. *Statement of Facts*

On April 15, 1992, a Commonwealth of Massachusetts Suffolk County grand jury returned a five count bill of indictment against the Debtor for willful failure to file his individual state income tax returns in violation of Mass.Gen.L. ch. 62C, § 73(c).[2] The five counts of the indictment represented the successive tax years of 1985 through 1989. On March 16, 1993, the Debtor pled guilty in the Commonwealth of Massachusetts Superior Court Department of the Trial Court, Suffolk Division (the "Suffolk Superior Court") to each count of the indictment. He was sentenced on Count 1 to imprisonment of one year in the Suffolk County House of Correction, which sentence was suspended. The Debtor was also fined the sum of $20,000 and surfined $5,000. Counts 2 through 5 were placed on file.

On January 23, 1995 (the "Filing Date"), the Debtor filed a petition in this Court under Chapter 7 of the Bankruptcy Code. Shortly thereafter, the Debtor filed the instant complaint (the "Complaint") to determine, *inter alia*, the dischargeability of certain debts to the Massachusetts Department of Revenue (the "MDOR").[3] By his Complaint, the Debtor seeks to have his state income tax debt for the *six* successive years, 1985 through 1990, declared dischargeable pursuant to 11 U.S.C. § 523(a)(1), on the grounds that the due date of the taxes, including extensions, occurred over three years prior to the Filing Date.

---

... (C) with respect to which the debtor made a fraudulent return or willfully attempted in any manner to evade or defeat such tax.... 11 U.S.C. § 523(a)(1)(C).

**2.** Each indictment recites that the Jurors for the Commonwealth of Massachusetts on their oath present that the Debtor, having been an inhabitant of the Commonwealth of Massachusetts at the relevant time, and having received during that year Massachusetts gross income in excess

The MDOR filed the within Motion seeking summary judgment with respect to the state tax liabilities for the five successive tax years 1985 through 1989. Because the MDOR's Motion does not address the dischargeability of the tax for all six of the years referenced in the Complaint, the Court will treat the Motion as seeking partial summary judgment only.

The MDOR's Motion is predicated upon the argument that the Debtor's guilty plea to charges of willful failure to file income tax returns for the years of 1985 through 1989 is sufficient to establish the necessary elements of § 523(a)(1)(C). In his affidavit filed in opposition to the MDOR Motion (the "Debtor's Affidavit"), the Debtor avers that he (i) filed his individual tax returns for the five tax years of 1985 through 1989 on January 4, 1993 (after his indictment, but before sentencing); and (ii) timely filed partnership tax returns for the tax years 1987 and 1988, which returns reflected all of his income for those years. The MDOR has not submitted evidence to rebut either of those assertions. In his affidavit, the Debtor also lists a number of excuses for his failure to file timely tax returns, including the following: (1) his inability to do the necessary computation and document preparation due to the complexity of the matters; (2) "stressful" life issues including, legal, domestic and business problems, and a medical condition; and (3) his inability to pay the taxes owed. He further avers:

> at no time did I ever willfully try to evade my obligations regarding taxes.... I was under the mistaken impression that the only person I was hurting by not timely filing my returns was myself since I had already told the Commonwealth about my gross income [through the partnership returns].... It had always been my inten-

---

of $2,000 and having been required by law to file an income tax return with the Commissioner of Revenue, did willfully fail to file such return with the Commissioner of Revenue.

**3.** The Debtor also sought to have certain debts owed to the Internal Revenue Service determined to be dischargeable. All issues with respect to the Debtor's obligations to the IRS have been settled by stipulation between the parties.

tion to file the returns as soon as I was able to pay the money I owed.

(Debtor's Affidavit). The Debtor admits that he knew he had some state income tax liabilities.

After a hearing on the Motion, the Court took the matter under advisement.

## II. *Discussion*

■■■ Fed.R.Civ.P. 56(c), which is made applicable to this proceeding by Fed. R.Bankr.P. 7056, provides that summary judgment shall be rendered if:

> the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

The primary purpose of granting summary judgment is to avoid unnecessary trials where no genuine issue of material fact is in dispute. A fact is considered material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). In determining whether the movant has met its burden, the evidence is considered in a light most favorable to the party opposing the motion, and all inferences to be drawn from the underlying facts must be viewed in a light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587–588, 106 S.Ct. 1348, 1356–1357, 89 L.Ed.2d 538 (1986), citing *U.S. v. Diebold, Inc.*, 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L.Ed.2d 176 (1962).

■■■ In its memorandum in support of partial summary judgment, the MDOR relies upon principles of collateral estoppel. The MDOR contends that Friedman is precluded from seeking a discharge of his state tax liabilities for the years 1985 through 1989 because the facts he admitted as part of his guilty plea constitute an admission to the elements required under § 523(a)(1)(C). The MDOR urges this Court to apply the principles of collateral estoppel and conclude as a matter of law that Friedman's admitted willful failure to file his tax returns is tantamount to a willful attempt, in any manner, to evade or defeat those taxes under § 523(a)(1)(C).

The MDOR's argument for summary judgment relies principally on the case of *In re Toti*, 24 F.3d 806, 809 (6th Cir.1994), *cert. denied*, —— U.S. ——, 115 S.Ct. 482, 130 L.Ed.2d 395 (1994), in which the Court of Appeals for the Sixth Circuit found that the debtor's failure to file tax returns and pay taxes constituted a willful attempt to evade those taxes. In *Toti*, as in the case at bar, the debtor was indicted on several counts of failing to file his income tax returns; he pled guilty thereto and was convicted. The Sixth Circuit Court stated that the debtor "had the wherewithal to file his returns and pay his taxes, but he did not fulfill his obligation. It [was] undisputed that he did so voluntarily, consciously, and intentionally." *Id.* at 809. Other courts which have addressed these issues have taken a somewhat more flexible approach to the analysis of intent under § 523(a)(1)(C) than the *Toti* Court, taking into consideration facts other than the simple failure to file the required tax returns. *See, e.g., In re Fuller*, 189 B.R. 352 (Bankr. W.D.Pa.1995) (holding that the debtor's obligation for unpaid taxes would not be excepted from discharge based only on his failure to file required returns where he honestly believed he had no tax liability); *In re Birkenstock*, 171 B.R. 1008, 1014 (Bankr.E.D.Wis. 1994) (holding the debtors' taxes to be nondischargeable on the basis of their failure to file returns *together with* their "unrelenting effort ... to evade or defeat federal income taxes").

In order to grant the MDOR's Motion, this Court must examine what preclusive effect is appropriately accorded to Friedman's guilty plea. In *Grogan v. Garner*, 498 U.S. 279, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991), the Supreme Court explicitly recognized that collateral estoppel principles apply in dischargeability proceedings. The First Circuit Court of Appeals has recently restated the doctrine of collateral estoppel:

> When there is an identity of the parties in subsequent actions, a party must establish four essential elements for a successful application of issue preclusion to the later

action: (1) the issue sought to be precluded must be the same as that involved in the prior action: (2) the issue must have been actually litigated; (3) the issue must have been determined by a valid and binding final judgment; and (4) the determination of the issue must have been essential to the judgment.

*Grella v. Salem Five Cent Savings Bank,* 42 F.3d 26, 30 (1st Cir.1994), citing *NLRB v. Donna–Lee Sportswear Co., Inc.,* 836 F.2d 31, 34 (1st Cir.1987); *In re Sestito,* 136 B.R. 602, 604 (Bankr.D.Mass.1992); *In re Dubian,* 77 B.R. 332, 337 (Bankr.D.Mass.1987).

In order to determine whether a guilty plea should be accorded the status of an issue "actually litigated," this Court is required to examine how the source forum would treat the same issue in its own courts. *See* 28 U.S.C. § 1738.[4] "Title 28 U.S.C. § 1738 generally requires federal courts to give preclusive effect to state-court judgments whenever the courts of the State from which the judgments emerged would do so." *U.S. v. One Parcel of Real Property,* 900 F.2d 470, 473 (1st Cir.1990), quoting *Haring v. Prosise,* 462 U.S. 306, 313, 103 S.Ct. 2368, 2373, 76 L.Ed.2d 595 (1983).

Massachusetts courts have in large measure adopted the doctrine of collateral estoppel or issue preclusion as set forth in the Restatement (Second) of Judgments (the "Restatement"). Under Massachusetts law, "[w]hen an issue of fact or law is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment, the determination is conclusive in a subsequent action between the parties whether on the same or a different claim." *Cousineau v. Laramee,* 388 Mass. 859, 862 n. 4, 448 N.E.2d 756, 759 n. 4 (1983), citing Restatement (Second) of Judgments § 27 (1982); *see Fireside Motors, Inc. v. Nissan Motor Corporation in U.S.A.,* 395 Mass. 366, 479 N.E.2d 1386 (1985); *Foster v. Evans,* 384 Mass. 687, 429 N.E.2d 995 (1981); *York Ford, Inc. v. Building Inspector and Zoning Administrator of Saugus,* 38 Mass. App.Ct. 938, 647 N.E.2d 85 (1995).

Massachusetts courts, however, *do not* extend collateral estoppel effect to judgments entered upon a guilty plea in a criminal proceeding to a subsequent civil case. Such guilty pleas are accorded evidentiary effect, but are not issue preclusive. *Aetna Casualty & Surety Co. v. Niziolek,* 395 Mass. 737, 481 N.E.2d 1356 (1985). In *Niziolek,* the Supreme Judicial Court of Massachusetts (the "SJC") held that: "a plea of guilty is admissible in evidence as an admission in subsequent civil litigation, but is not conclusive." *Id.* at 747, 481 N.E.2d 1356. The SJC stated that "the doctrine of collateral estoppel does not apply to preclude the former criminal defendant from litigating in subsequent civil litigation issues involved in the criminal proceeding in which he pleaded guilty." *Id.* at 748, 481 N.E.2d 1356, citing the Restatement. The rationale for this view, as set forth in the Restatement, is that a judgment upon a guilty plea has not been "actually litigated." Such a judgment lacks the qualities of a judgment following a trial because there are many reasons why a defendant might plead guilty other than the merits of the case (e.g. the defendant may wish to avoid the risk of a guilty finding and lengthy jail term or may have entered into a plea bargain arrangement). Indeed, at the hearing held on the MDOR's Motion, the Debtor's counsel asserted in open court that his client entered into the instant plea bargain arrangement in order to avoid incarceration.

The Court of Appeals for the First Circuit has previously noted the foregoing distinction under Massachusetts law. In *U.S. v. One Parcel Of Real Property,* supra, the court reviewed the district court's grant of summary judgment to the United States in a federal forfeiture proceeding. The district court had extended collateral estoppel effect in the civil forfeiture action to the property owners' prior guilty pleas to Massachusetts state law charges of possession of cocaine with intent to distribute. In reviewing the issue preclusive effect of those guilty pleas, the court ruled that the district court should

---

**4.** 28 U.S.C. § 1738 provides in relevant part: [J]udicial proceedings [of any court of any state] shall have the same full faith and credit in every court within the United States and its Territories and Possessions as they have by law or usage in the court of such state . . .

 

not have given the pleas collateral estoppel effect, because the pleas would not have been accorded collateral estoppel effect under Massachusetts law. *Id.* at 473. Nonetheless, the Court of Appeals upheld the grant of summary judgment on the forfeiture complaint, finding that the affidavits submitted by the property owners failed to "set forth specific facts showing that there [was] a genuine issue for trial." *Id.* at 475, citing, Fed. R.Civ.P. 56(e).

In view of the principles set forth in the *Niziolek* and *One Parcel of Real Property* cases, this Court will not give issue preclusive effect in this case to the guilty pleas made by the Debtor in the State Court. The instant case is distinguishable from *Toti* in two significant ways. First, the applicable law in this case regarding collateral estoppel denies issue preclusive effect to the state court judgment based on the Debtor's guilty plea.[5] Second, material facts in this case differ from those in *Toti*. In his pleadings, the Debtor maintains that he never intended to evade or defeat his taxes owed to the State. The assertions in his affidavit, most notably that his 1987 and 1988 income were disclosed in timely filed partnership returns, raise genuine issues of material fact as to his intent to evade those taxes.[6] Because the issue of intent is a necessary element of the "willfulness" required to render the tax obligation nondischargeable under § 523(a)(1)(C), partial summary judgment is not possible. The Court requires additional evidence to determine whether the Debtor's intent with respect to the taxes at issue meets the standards for nondischargeability set forth in § 523(a)(1)(C).

III. *Conclusion*

The guilty pleas made by the Debtor in connection with his state court indictment for failure to file income tax returns will not be given issue preclusive effect in the determination of nondischargeability under § 523(a)(1)(C), but may be introduced as evidence at trial. Because the Debtor has oth-

erwise raised disputed and genuine issues of material fact, the MDOR's Motion for partial summary judgment is DENIED. The Court will separately schedule the matter for trial.

---

5. The *Toti* Court granted issue preclusive effect to the judgment based on the debtor's guilty plea without discussion of the applicable law of collateral estoppel.

6. The Court would specifically note that there is a difference between not paying now and intending never to pay.