Daniel P. PARKER,

v.

UNITED STATES of America.

Civil Action No. 3:96–834.

United States District Court,
W.D. Louisiana,
Monroe Division.

Sept. 10, 1996.

Murlyon Daniel Lagrone, Jr., Michael W. Fowler, Shreveport, LA, for appellant.

Robert A. Thrall, U.S. Attorney's Office, Shreveport, LA, Neal I. Fowler, U.S. Dept. of Justice Tax Div., Washington, DC, for appellees.

Billy Vining, Pioneer, LA, pro se.

## ORDER AND REASONS

MELANÇON, District Judge.

Before the Court is an appeal from a final judgment of the United States Bankruptcy Court for the Western District of Louisiana, in favor of the appellee, the United States of America. For the reasons that follow, the judgment of the Bankruptcy Court is affirmed.

### I. Background

The appellant Daniel P. Parker is an attorney who failed to make estimated tax deposits, failed to file timely tax returns, and failed

to pay his tax liabilities in full. The Internal Revenue Service (IRS) filed a tax lien against Mr. Parker in July, 1985. On February 15, 1991, Mr. Parker entered a guilty plea to a two-count bill of information alleging failure to file federal income tax returns for the calendar years 1986 and 1987. As a condition of his probation, Mr. Parker was required to file his tax returns for the calendar years 1984 through 1988, and pay his outstanding tax obligations.

On June 23, 1993, Mr. Parker filed a voluntary petition for bankruptcy under Chapter 13. On July 16, 1993, Mr. Parker filed a complaint against the United States of America, Internal Revenue Service, concerning the dischargeability of the various tax obligations that remained. On November 18, 1993, the Chapter 13 case ·was converted to a case under Chapter 7 on Mr. Parker's motion. Mr. Parker voluntarily dismissed the pending complaint against the IRS on February 17, 1994, without prejudice. Mr. Parker received his discharge under Chapter 7 on April 13, 1994. The IRS did not file any objections to the discharge under section 727 of the Bankruptcy Code.

The present adversary proceeding was filed on May 17, 1995, after the IRS had restarted its collection efforts on the remaining 1980 through 1988 tax obligations. Mr. Parker sought to have these tax liabilities discharged. The Bankruptcy Court conducted a trial on February 8, 1996.

After the trial, the Bankruptcy Court found that the three prong test set out in *Matter of Bruner*, 55 F.3d 195 (5th Cir.1995), had been satisfied. Therefore, the tax liabilities were not dischargeable and judgment was rendered in favor of the United States of America, Internal Revenue Service. The Bankruptcy Court noted that it was troubled by the fact that even though Mr. Parker had not committed an "affirmative act of willful evasion," judgment must still be rendered in favor of the IRS. *Reasons for Decision*, 196 B.R. 338, 347–48.

## II. Discussion

 Conclusions of law are reviewed de novo and the Bankruptcy Court's findings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous. *Bankruptcy Rule 8013*.

In this appeal, the appellant raises the issue that troubled the Bankruptcy Court which is whether the mere nonpayment of tax obligations make them nondischargeable, even when a debtor has committed no affirmative act to willfully evade or defeat the payment of otherwise dischargeable tax obligations.

 When a Chapter 7 debtor obtains bankruptcy relief, the general rule is that all debts arising prior to the filing of the bankruptcy petition will be discharged. *11 U.S.C. § 727(b)*. However, a tax liability will not be discharged if the debtor "willfully attempted in any manner to evade or defeat such tax." *11 U.S.C. § 523(a)(1)(C)*.

 The Fifth Circuit has adopted a three-prong test to determine whether debtors have "willfully attempted in any manner to evade or defeat" their tax liabilities. *Matter of Bruner*, 55 F.3d 195, 197 (5th Cir.1995). The proper test is whether (1) the debtor had a duty under the law, (2) the debtor knew he had that duty, and (3) the debtor voluntarily and intentionally violated that duty. *Id.*

The Bankruptcy Court found that Mr. Parker conceded the first prong of the test; he had a duty to file. *Reasons for Decision*, 196 B.R. at 347. As to the second prong, the Bankruptcy Court found that Mr. Parker had previously filed tax returns and was an educated lawyer which gave him the knowledge that he had a duty to file. *Reasons for Decision*, 196 B.R. at 347. In satisfying the third prong, the Bankruptcy Court found that Mr. Parker had failed to file his tax returns and only made payments after the IRS commenced a criminal investigation. *Id.* The Bankruptcy Court found that these were "acts of omission as well as commission." *Id.* This Court does not find that these factual conclusion are clearly erroneous. *Bankruptcy Rule 8013*.

The Bankruptcy Court noted, and Mr. Parker asserts in this appeal, that the mere nonpayment of taxes without an affirmative act of willful evasion should not be sufficient to find that the debtor voluntarily and intentionally violated his duty. The Fifth Circuit

in *Bruner* did not resolve the question of whether an "affirmative act" is required because the Bruners' non-payment of taxes was accompanied by intentional acts of concealment. *Bruner*, 55 F.3d at 200. The Bankruptcy Court found that unlike the Bruners, Mr. Parker's failure to file returns was not coupled with acts of concealment. *Reasons for Decision*, 196 B.R. at 346–48. Instead, Mr. Parker "is a model of passive behavior." *Id.* at 347.

The Fifth Circuit did consider the category of "honest debtors" that the Bankruptcy Code was designed to protect. *Bruner*, 55 F.3d at 199. In its consideration, the Fifth Circuit explicitly adopted the view of the Sixth Circuit in *In re Toti*, 24 F.3d 806 (6th Cir.1994). In *Toti*, the debtor did not file tax returns or pay taxes even though he had the ability to pay, and avoided payment until criminal sanctions were threatened. 24 F.3d at 807. The Fifth Circuit adopted the conclusion reached in *Toti* that section 523(a)(1)(C) encompasses both acts of commission as well as *omissions*. *Bruner*, 55 F.3d at 200 (emphasis in original).

 In this case, Mr. Parker did not file tax returns or pay taxes even though he had the ability to pay, and he avoided payment until criminal sanctions were threatened. *Reasons for Decision*, 196 B.R. at 347. Therefore, Mr. Parker's actions, like Tonti's, constituted "omissions" and excluded him from the "honest debtor" category that the Bankruptcy Code was designed to protect. Although his behavior was "passive," Mr. Parker had the wherewithal to file his return and pay his taxes, but he voluntarily, consciously, and intentionally did not fulfill his obligation. Thus, the Bankruptcy Court's decision is correct in light of current Fifth Circuit precedent. The Court leaves it to the Fifth Circuit to determine whether the current *omission standard* places *too heavy a* burden on the taxpayer, and should be modified to require an affirmative act.

For the foregoing reasons, and after a review of the applicable law, the briefs, the record, and the facts surrounding this matter, the Court affirms the decision of the Bankruptcy Court in finding that the tax liabilities are not dischargeable.