HELENE N. WHITE, Circuit Judge
(concurring in part and dissenting in part).
To render Storey’s tax debt nondis-chargeable, the government must prove by a preponderance of the evidence that she attempted a “voluntary, conscious, and intentional evasion” of her responsibility to pay taxes. Stamper v. United States (In re Gardner), 360 F.3d 551, 557 (6th Cir. 2004) (citing Toti v. United States (In re Toti), 24 F.3d 806, 809 (6th Cir.1994)); 11 U.S.C. § 523(a)(1)(C). I agree with the majority that the government has not established that it is entitled to summary judgment on this issue, and therefore concur in the reversal of the district court’s judgment. I do not, however, agree that the government failed to meet its burden of showing that there is a genuine issue of *748 material fact whether Storey willfully attempted to evade payment of the taxes. I would remand to allow the parties to present factual evidence and arguments.
As the majority observes, “[n]onpayment alone is insufficient to bar discharge of a tax obligation.... ” Stamper, 360 F.3d at 557; see also Myers v. IRS (In re Myers), 216 B.R. 402, 405 (6th Cir. BAP 1998), aff'd sub nom. Meyers v. IRS (In re Meyers), 196 F.3d 622 (6th Cir.1999); In re Birkenstock, 87 F.3d 947, 951 (7th Cir.1996). To render the tax debts nondis-chargeable, the government must make the additional showing that Storey had the requisite mental state: that she “voluntarily, consciously, and knowingly evaded payment.” Stamper, 360 F.3d at 558. There was little evidence or argument on this element in the proceedings below. The majority concludes that Storey’s buying the Morningdew Property and the findings of the bankruptcy court in the student-loan-discharge matter are insufficient to raise a genuine issue of material fact regarding the mental-state element of § 523’s tax-debt-discharge provision. I agree that the findings of the bankruptcy court in the student-debt-discharge decision are not preclusive here, but the same facts are enough to raise a genuine issue of fact as to Storey’s intent in not paying her taxes. See Storey v. Natl Enter. Sys. (In re Storey), 312 B.R. 867, 870 (Bankr.N.D.Ohio 2004). Similarly, the purchase of the Morningdew property is relevant evidence on the question of Storey’s mental state, notwithstanding the timing of the purchase.
Cases construing § 523(a)(1)(C) look to all the circumstances surrounding the debtor’s nonpayment of taxes to assess whether that nonpayment was voluntary, conscious, and intentional. Relevant considerations include whether the debtor attempted to conceal income and assets from the IRS, Stamper, 360 F.3d at 558 (debtor placed income and assets in the names of others); Griffith v. United States (In re (Griffith), 206 F.3d 1389, 1396 (11th Cir.2000) (en banc) (debtor fraudulently conveyed property to wife); Birkenstock, 87 F.3d at 952-53 (debtors “attempted to attribute their personal income to their family trust”), whether the debtor spent excessively on nonessential expenses instead of paying taxes, Stamper, 360 F.3d at 558, 560 (“[T]he debtor lived lavishly during the period of time the IRS sought to collect the tax liability .... [including] twenty golfing and vacation trips upon which appellant lavished substantial sums.”); United States v. Mitchell (In re Mitchell), 633 F.3d 1319, 1329 (11th Cir.2011) (“[W]illful intent is further shown by Mitchell’s discretionary spending, which included purchasing vacation timeshares, purchasing stock, repaying a $30,000 personal loan, and donating approximately $81,000 to his church.”), whether the debtor had the ability to pay taxes, Stamper, 360 F.3d at 558; Toti, 24 F.3d at 809, and whether the debtor had the sophistication and wherewithal to understand her tax responsibilities, United States v. Fretz (In re Fretz), 244 F.3d 1323, 1331 (11th Cir.2001) (“Put bluntly, someone who can control his drinking enough to perform medical procedures during twelve- to twenty-four hour shifts in an emergency room over a period of years can control his drinking enough to file tax returns and pay taxes during that same period. Instead of doing that, as Dr. Fretz himself put it, he ‘just totally ignored’ his tax responsibilities.”).
Because neither party established an entitlement to summary judgment, and the parties did not submit the ease to the court for judgment on the facts, I would remand for further proceedings. The government should be permitted to present evidence of how much Storey earned and what she did with her earnings, as well as other evi *749 dence relevant to her mental state. Sto-rey, in turn, should be permitted to put on evidence that she failed to pay her taxes only because she could not afford to. I would reverse the district court’s order finding that Storey’s tax obligations were not discharged by the bankruptcy proceeding and would remand for additional proceedings on issues relevant to Storey’s mental state.