**In re Leo J. BERNING and Eleanor M. Berning, Debtors.**

**Leo J. Berning and Eleanor M. Berning, Plaintiffs,**

v.

**Internal Revenue Service, Defendant.**

Bankruptcy No. 95–23993.

Adversary No. 96–3053.

United States Bankruptcy Court, N.D. Ohio, Western Division.

June 29, 1999.

---

Benjamin F. Yale, Waynesfield, OH, for Leo J. Berning.

S. Robert Lyons, Washington, DC, for IRS.

## ORDER ON MOTION FOR SUMMARY JUDGMENT

BURTON PERLMAN, Bankruptcy Judge.

In this adversary proceeding, plaintiffs/debtors filed a complaint seeking a

declaration that taxes owed by plaintiff Leo J. Berning for the years 1981 through 1985, inclusive, and 1987, are dischargeable, and that the tax obligation of plaintiff Eleanor M. Berning for the year 1983 is likewise dischargeable. The United States filed an answer, calling attention to the fact that the named defendant, Internal Revenue Service, was not an entity subject to suit. In addition, the United States stated the defense that the taxes which were the subject of the complaint were nondischargeable. In its original answer, the United States alleged that the reason for nondischargeability was based on 11 U.S.C. § 523(a)(1)(C), that plaintiffs had willfully attempted to evade or defeat their tax liabilities. The United States subsequently amended its answer to also claim the benefit of 11 U.S.C. § 523(a)(1)(B)(i), that nondischargeability was appropriate because plaintiffs had failed to file required returns. The parties subsequently on May 21, 1997 filed a Joint Stipulation that Eleanor M. Berning's tax liability for 1983 was dischargeable. The defendant has now filed a motion for summary judgment, accompanying the motion with the depositions of plaintiffs and exhibits accompanying them. It is defendant's position on this motion that the tax liabilities in question are nondischargeable because Leo J. Berning willfully attempted to evade or defeat those taxes. Plaintiffs filed a memorandum in opposition to the motion, but no supporting evidentiary materials.

Motions for summary judgment are governed by F.R.Civ.P. 56 which is incorporated into bankruptcy practice by F.R.B.P. 7056. That rule provides in part that a motion for summary judgment is to be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." The moving party bears the initial burden of showing that there is no issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S.

317, 323–324, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The nonmoving party, however, bears the ultimate burden of showing that a genuine issue of material fact exists. In doing so, the nonmoving party cannot rest on its pleadings, but must, in response, offer some evidence which demonstrates a genuine issue of material fact for trial. *Id.*

The statute of the Bankruptcy Code here pertinent provides:

### § 523. Exceptions to discharge

(a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—

(1) for a tax or a customs duty—

(A) of the kind and for the periods specified in section 507(a)(2) or 507(a)(8) of this title, whether or not a claim for such tax was filed or allowed;

(B) with respect to which a return, if required—

(i) was not filed; or

(ii) was filed after the date on which such return was last due, under applicable law or under any extension, and after two years before the date of the filing of the petition; or

(C) with respect to which the debtor made a fraudulent return or willfully attempted in any manner to evade or defeat such tax;

\*  \*  \*  \*  \*  \*

It is the position of defendant on this motion that the undisputed facts show that Mr. Berning willfully attempted to evade or defeat his tax obligations, thus violating § 523(a)(1)(C). Those facts include deposition testimony by Mr. Berning that he concluded that the income tax was illegal, and based on that belief he refused to file returns and pay income tax for tax years beginning in 1980, even though he had sufficient income to be obligated to file returns and had the money to pay the accompany tax liability.

■ On this motion the defendant has the burden, in order for a debt to be nondischargeable pursuant to § 523(a)(1)(C), to show (1) that the debtor had a duty to file income tax returns; (2) the debtor knew he had such a duty; and (3) the debtor voluntarily and intentionally violated that duty. *Fegeley v. United States,* 118 F.3d 979, 984 (3d Cir.1997); *see also In re Toti,* 24 F.3d 806 (6th Cir.1994). The evidence presented to the court by defendant on this motion establishes the following facts. Mr. Berning turned to a tax protest group, the Patriot Movement, for assistance. The Patriot Movement, among other things, advised Mr. Berning that the income tax was illegal. Based upon this advice and his own review of the U.S. Constitution, Mr. Berning determined that the income tax was illegal. Acting on that belief, Mr. Berning refused to file returns and pay income tax for tax years beginning in 1980, even though he had sufficient income to be obligated to file returns and had the money to pay the accompanying tax liability.

On January 13, 1989, Mr. Berning was indicted on five counts of failing to file his 1981, 1982, 1983, 1984 and 1985 income tax returns. On March 21, 1989, Mr. Berning pled guilty to failure to file the 1984 return, in exchange for the United States dismissing the counts for tax years 1981, 1982, 1983 and 1985, and for agreeing not to file charges for 1986 and 1987.

These facts amply establish that Mr. Berning had a duty to file income tax returns, that he knew that he had a duty to do that, and he voluntarily and intentionally did not file such returns. The federal tax debts of Leo J. Berning for 1981 through 1985, inclusive, and 1987, are therefore nondischargeable pursuant to § 523(a)(1)(C). *See In re Toti, supra.* In *In re Myers,* 216 B.R. 402 (6th Cir. BAP 1998) the court found that in circumstances similar to those before us, tax debt was nondischargeable where a tax protestor failed to file tax returns though his income was well in excess of an amount which required the filing of tax returns.

■ On this motion, defendant argues as an additional ground of nondischargeability of Mr. Berning's 1984 debt, that his conviction in 1989 of failing to file his 1984 tax return estops debtor from contending that that debt is dischargeable in view of § 523(a)(1)(B)(i). We hold that debtor is collaterally estopped by that prior conviction for failure to file his 1984 return, from now contending otherwise. *See In re Goff,* 180 B.R. 193, 199 (Bankr.W.D.Tenn.1995). Defendant is entitled to summary judgment that Mr. Berning's 1984 tax debt—is nondischargeable on this ground as well.

■ The contents of the memorandum filed by Mr. Berning in opposition to the motion cannot avail him. His argument that he will be denied his constitutional right to a trial by jury is without merit. It is true that if a motion for summary judgment is granted, a case will not proceed to trial, but it is well established that a party may be denied an actual trial under appropriate circumstances. Where there is no genuine issue of material fact, a court may, without violating the Seventh Amendment, grant summary judgment. *Shore v. Parklane Hosiery Co., Inc.,* 565 F.2d 815 (2d Cir.1977). A motion for summary judgment is an integral part of the Federal Rules of Civil Procedure and facilitates the overall purpose of the Rules, namely, "to secure the just, speedy and inexpensive determination of every action." *Rivkin v. Coleman,* 914 F.Supp. 76, 77 (S.D.N.Y.1996) (quoting *Celotex Corp. v. Catrett,* 477 U.S. 317, 327, 106 S.Ct. 2548, 2555, 91 L.Ed.2d 265 (1986)); *see also DP-Tek, Inc. v. AT & T Global Information Solutions Co.,* 891 F.Supp. 1510 (D.Kan. 1995), *aff'd,* 100 F.3d 828 (10th Cir.1996). Moreover, because summary judgment is appropriate "only where the moving party is entitled to judgment as a matter of law, where it is quite clear what the truth is, ... [and where] no genuine issue remains for trial ... the purpose of the rule is not to cut litigants off from their right of trial

by jury if they really have issues to try." *Sartor v. Arkansas Natural Gas Corp.*, 321 U.S. 620, 627, 64 S.Ct. 724, 728, 88 L.Ed. 967 (1944).

■ That a debtor is entitled to a fresh start, that he is over 60 years old, that the efforts of the Internal Revenue Service to collect tax obligations from Mr. Berning have interfered with his work life, and that the amount of the tax claim is such that it creates a hardship for Mr. Berning, all are irrelevant to our present consideration. It is the task and duty of this court to apply the bankruptcy laws of the United States in adversary proceeding such as this. The equitable concerns raised by Mr. Berning cannot affect the outcome of a determination of nondischargeability.

Defendant's motion for summary judgment is granted.

So Ordered.