**In re Homer Glenn SMITH, Debtor.**

**Lenny D. Porter, Jr., Plaintiff,**

**v.**

**Homer Glenn Smith, Defendant.**

**Bankruptcy No. 01–24320–BM.**
**Adversary No. 01–2342–BM.**

United States Bankruptcy Court,
W.D. Pennsylvania.

Aug. 5, 2002.

Dai Rosenblum, Butler, PA, for plaintiff.

Robert W. Koehler, Pittsburgh, PA, for defendant.

### MEMORANDUM OPINION

BERNARD MARKOVITZ, Bankruptcy Judge.

Plaintiff Lenny R. Porter seeks a determination that a debt owed to him by debtor Homer G. Smith is excepted from discharge by § 523(a)(2)(A) of the Bankruptcy Code. The debt arises from debtor's refusal to allow plaintiff to harvest timber pursuant to an agreement between them and debtor's subsequent sale of the right to harvest some of the timber to another individual.

Debtor denies that the debt is excepted from discharge by this provision. He maintains that the debt does not arise from fraud on his part.

We find in favor of debtor and against plaintiff for reasons set forth below.

### — FACTS —

Debtor and his wife own approximately forty-nine acres of woodlands situated in Butler County, Pennsylvania.

On August 3, 1999, debtor and plaintiff executed a document captioned "Timbersale Agreement" whereby debtor sold to plaintiff for the sum of $2,500 the right to harvest merchantable timber located on debtor's property. The agreement provided, among other things, that the timber sold included "any and all hard or soft wood at the discertion [sic] of [plaintiff]"; that plaintiff would have free use of debtor's property to gain access to the timber; and that plaintiff had one year from the date on which the agreement was executed to remove the timber. Plaintiff paid debtor the agreed-to price of $2,500 when the agreement was executed.

Plaintiff entered upon debtor's property shortly after the agreement was executed and began cutting and removing trees. At some time thereafter, but before plaintiff

had finished harvesting trees, debtor claimed that plaintiff had cut and removed all of the trees they had agreed plaintiff could cut and remove and barred plaintiff from entering the property. Debtor insisted they had agreed that plaintiff would cut only 119 trees and that plaintiff had cut far in excess of that number.

In December of 1999 and January of 2000, debtor sold for the sum of $1,280 the right to cut and remove timber on his property to another individual, who then cut and removed 10,000 board-feet of oak and 1,200 board-feet of pine.

On March 29, 2000, plaintiff brought a civil action against debtor in the Court of Common Pleas of Butler County, Pennsylvania, for breach of contract. Plaintiff claimed that debtor had barred him from entering the property to harvest timber and had sold the right to harvest it to another party. He requested a judgment in his favor and against debtor in the amount of $8,000.

Debtor asserted a counterclaim in his answer to the complaint. Debtor claimed that he and plaintiff had agreed that plaintiff would cut and remove only 119 trees; that plaintiff had cut and removed an additional 128 trees that were not included in the contract; and that plaintiff's conduct was in violation of 42 Pa.C.S.A. § 8311.

The dispute was heard by an arbitrator, who found in favor of plaintiff and against debtor. Debtor appealed the decision to the Court of Common Pleas of Butler County, which entered summary judgment in favor of plaintiff and against debtor on January 23, 2001. The court found, as a matter of law, that the contract between the parties was not ambiguous and that debtor's evidence of fraud by plaintiff in procuring the contract was not sufficient to warrant submitting the case to a jury. However, a monetary award in favor of

plaintiff was not entered at that time by the court.

Debtor filed a voluntary chapter 7 petition on April 24, 2001, which automatically stayed any further proceedings in the above action pending in state court. The chapter 7 trustee reported after conducting the § 341 meeting that no assets of the bankruptcy estate were available for distribution to creditors.

Plaintiff commenced this adversary action on August 13, 2001, wherein he objected in accordance § 523(a)(2)(A) of the Bankruptcy Code to the discharge of the debt owed to him by plaintiff. The matter was tried on June 3, 2002, at which time both parties were given an opportunity to call witnesses and to offer evidence.

## — DISCUSSION —

Plaintiff seeks a determination that the debt owed to him by debtor is excepted from discharge by 11 U.S.C. § 523(a)(2)(A), which provides in relevant part as follows:

(a) A discharge under section 727 . . . of this title does not discharge an individual debtor from any debt—. . . .

(2) for money, . . . to the extent obtained, by—

(A) false pretenses, a false representation, or actual fraud.

Plaintiff's theory of the case is not clear. In particular, the specifics of debtor's alleged fraud are not obvious. As far as we are able to glean from plaintiff's pre-trial statement, post-trial brief and evidence offered at trial, he maintains that debtor's refusal to allow him to continue cutting and removing trees and subsequent sale of the right to cut and remove the timber to another individual was in reckless disregard of the unambiguous language of the agreement of August 3, 1999, and there-

fore was fraudulent for purposes of § 523(a)(2)(A).

If this is what plaintiff means to assert, the debt owed to him by debtor unquestionably is not excepted from discharge by reason of § 523(a)(2)(A). The most that can be said in this context is that debtor breached the contract he had with plaintiff. Debtor's "reckless disregard" of the unambiguous language of the agreement of August 3, 1999, without something more, does not transform his breach of the contract into fraud. Plaintiff offered nothing more in this regard.

■ The outcome remains the same if plaintiff means to assert that debtor defrauded plaintiff when, prior to the execution of the agreement of August 3, 1999, he falsely represented to plaintiff that he would sell to plaintiff the right to cut and remove *all* of the timber on his property for $2,500.

■ To prevail under this theory in accordance with § 523(a)(2)(A), plaintiff must establish the following elements: (1) a misrepresentation, fraudulent omission or deceptive conduct by debtor; (2) knowledge on debtor's part of the falsity or deceptiveness of his statement or conduct; (3) an intent to deceive; (4) justifiable reliance by the creditor on debtor's statement or conduct; and (5) damage to the creditor proximately caused by its reliance on debtor's statement or conduct. *See Harmon v. Kobrin (In re Harmon)*, 250 F.3d 1240, 1246 (9th Cir.2001). The objector must prove each of these elements by a preponderance of the evidence. *Grogan v. Garner*, 498 U.S. 279, 291, 111 S.Ct. 654, 661, 112 L.Ed.2d 755 (1991). The various exceptions to discharge set forth at § 523(a) are to be strictly construed in favor of the debtor and against the objector. *U.S. v. Fegeley (In re Fegeley)*, 118 F.3d 979, 983 (3d Cir.1997).

Plaintiff has not established all of these required elements. In particular, he has not established the second and third of these elements.

We have no doubt that debtor represented that he would allow plaintiff to cut and remove all of the harvestable trees on his property in return for the payment of $2,500. Plaintiff failed to demonstrate, however, that debtor knew, *when he so represented to plaintiff,* that the representation was false and that he eventually would prevent plaintiff from doing so and would instead sell the right to cut and remove some of the trees to another individual. Plaintiff also failed to demonstrate that debtor so misrepresented with the intent of deceiving plaintiff.

Without something more, evidence that debtor prevented plaintiff from cutting and removing all of the trees on debtor's property and that debtor then sold the right to do so to another individual does not suffice to establish the requisite *scienter* and intent on debtor's part. Unfortunately for plaintiff, he did not offer anything more than this. As we indicated previously, they establish at most that debtor breached the contract in question.

Moreover, the flagrance of debtor's breach of an unambiguous provision of the agreement of August 3, 1999, standing alone, does not establish the requisite *scienter* and intent. Although we are left to wonder why debtor so violated the agreement so flagrantly, we cannot conclude on the basis of flagrance alone that debtor more likely than not knew when he so represented to plaintiff that the representation was false or that he more likely than not intended at that time to deceive plaintiff.

We conclude in light of the foregoing that plaintiff has failed to demonstrate that the debt owed to him by debtor is except-

ed from discharge by § 523(a)(2)(A) of the Bankruptcy Code.

An appropriate order shall issue.

### ORDER OF COURT

AND NOW, this **5th** day of **August,** 2002, for reasons set forth in the accompanying memorandum opinion, it hereby is **ORDERED, ADJUDGED,** and **DECREED** that judgment is entered **IN FAVOR OF DEFENDANT** Homer G. Smith and **AGAINST PLAINTIFF** Lenny B. Porter. The debt owed to plaintiff by debtor is **DISCHARGEABLE.**

It Is **SO ORDERED.**